Illyssa I. Fogel, CA State Bar No. 145876
ILLYSSA I. FOGEL & ASSOCIATES
815 N. La Brea Ave., Ste. 78
Inglewood, CA  90302
V/F:  888.570.7220
Email:  ifogel@iiflaw.com

Attorney/Defendant in Proper Person

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:16-bk-17275-ER |
| **ALAN RICHE and WENDY RICHE,** | Chapter 7 |
| Debtors. | |
| **ALAN RICHE and WENDY RICHE,** | **NOTICE OF REMOVAL OF ACTION PENDING IN STATE COURT TO BANKRUPTCY COURT (28 U.S.C § 1452; FRBP 9027)** |
| Plaintiffs, | |
| vs. | |
| **ALAN F. BROIDY; LAW OFFICES OF ALAN F. BROIDY, APC; ILLYSSA I. FOGEL; ILLYSSA I. FOGEL & ASSOCIATES, and JOHN DOES 1 through 10,** | **Hearing Date and Place:**<br>Date:  N/A<br>Time:  N/A<br>Ctrm:  1568<br>    Roybal Federal Bldg., 15th Floor<br>    255 E. Temple Street<br>    Los Angeles, CA  90012 |
| Defendants. | |

**TO ALL PARTIES TO THE ACTION BEING REMOVED (REMOVING PARTIES EXCLUDED) AND TO THE COURT FROM WHICH THE ACTION IS BEING REMOVED**:

Illyssa I. Fogel ("Ms. Fogel") and Illyssa I. Fogel & Associates ("IIF&A"), Defendants, hereby remove the action entitled Alan Riche and Wendy Riche, Husband and Wife, Plaintiffs ("Plaintiffs" or "Debtors"), versus Alan F. Broidy; Law Office of Alan F. Broidy, APC; Illyssa I. Fogel; Illyssa I. Fogel & Associates; and John Does 1 through 10, Defendants (collectively "Defendants"), Case No. SC 127870 (the "Action") formerly pending in Los Angeles County Superior Court, West District, 1725 Main Street, Santa Monica, CA 90401, to the United States

- 1 -

**NOTICE OF REMOVAL OF ACTION PENDING IN STATE COURT TO BANKRUPTCY COURT**

Bankruptcy Court for the Central District of California, pursuant to 28 U.S.C. § 1452(a) and FRBP 9027(a), and hereby gives notice of such removal to each of the following:

Court from which the Action is being removed:

Superior Court of California
County of Los Angeles
West District
1725 Main Street
Santa Monica, CA  90401

Name and address of counsel of each party to the Action who has appeared and is represented by counsel as well as the name and address of each party appearing in pro per:

Attorney for Plaintiffs/Debtors:

Thomas W. Dressler, CA State Bar No. 140073
The Dressler Law Group
2955 Wallingford Road
San Marino, CA 91108

Removal of the Action is based upon the following facts:

1. On July 27, 2017, Alan Riche and Wendy Riche ("Plaintiffs" or "Debtors") filed the Action against Defendants in the Los Angeles County Superior Court.

2. A Summons was issued on the Complaint on July 27, 2017.

3. The Complaint and Summons were delivered to removing Defendants by First Class Mail on or about October 17, 2017.

4. In the Action, Plaintiffs have sued Illyssa I. Fogel and Illyssa I. Fogel & Associates, and others, for Legal Malpractice, as set forth in the copy of the Complaint attached hereto as Exhibit "2." The Action arises out of the representation of Plaintiffs by the Defendants in the Chapter 7 case referenced above, *In re Alan Riche and Wendy Riche*, USBC, CACB, Case No.: 2:16-bk-17275-ER.

5. The Action is not a proceeding before the United States Tax Court.

6. The Action is not a civil action by a governmental unit to enforce its police or regulatory power.

7. The Action was formerly pending in the Los Angeles County Superior Court of the State of California.

8. On May 31, 2016, Alan Riche and Wendy Riche filed a Voluntary Petition for relief in the United States Bankruptcy Court for the Central District of California under Chapter 7 of the United States Bankruptcy Code, which is currently pending.

9. Removing Defendants have not responded to the Action.

10. The issues raised in the Action are all intimately intertwined with the Chapter 7, and the resolution of the same depends almost entirely on the United States Bankruptcy Code and interpretive case law and the Federal Rules of Bankruptcy Procedure.

11. The Action is a "core" proceeding within the meaning of 28 U.S.C. §§ 157 and 1334.

12. This Court has jurisdiction over the Action pursuant to 28 U.S.C. § 1334(b).

13. Removal of the Action to this Court is proper pursuant to 28 U.S.C. § 1452(a) and FRBP 9027.

14. Venue for the Action is proper in this Court under 28 U.S.C.§ 1452(a), because this Court is the Bankruptcy Court located in the District where the non-bankruptcy court in which the Action was formerly pending was located.

Attached hereto are true and correct copies of all pleadings filed in the Action prior to removal, as follows:

Exhibit "1": Summons

Exhibit "2": Complaint

Exhibit "3": Civil Case Cover sheet

Exhibit "4": Notice of Case Assignment to Individual Calendar Court

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of November, 2017, at Los Angeles, California.

By: */s/ Illyssa I. Fogel*
Illyssa I. Fogel, Attorney/Defendant

- 3 -

**NOTICE OF REMOVAL OF ACTION PENDING IN STATE COURT TO BANKRUPTCY COURT**

**Exhibit 1**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Alan F. Broidy; Law Offices of Alan F. Broidy, APC; Illyssa I. Fogel; Illyssa I. Fogel & Associates; and John Does 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Alan Riche and Wendy Riche, husband and wife



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 27 2017

Sherri R. Carter, Executive Officer/Clerk
By Donita Fowler, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
1725 Main Street.
Santa Monica, CA 90401

CASE NUMBER: *(Número del Caso):* SC127870

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
T.W. Dressler; Dressler Law Group; 2955 Wallingford Rd., San Marino, CA 91108

DATE:                                           Clerk, by                                            , Deputy
*(Fecha)*                                       *(Secretario)* _____                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit 2**

THE DRESSLER LAW GROUP, LLP
THOMAS W. DRESSLER (SBN 140073)
2955 WALLINGFORD ROAD
SAN MARINO, CALIFORNIA 91108
TELEPHONE: (213) 448-8745
EMAIL: TWDRESSLER7@GMAIL.COM

ATTORNEYS FOR PLAINTIFFS

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES — WEST DISTRICT

| | |
|---|---|
| ALAN RICHE and WENDY RICHE, Husband and Wife<br><br>Plaintiffs<br><br>vs.<br><br>ALAN F. BROIDY; LAW OFFICES OF ALAN F. BROIDY, APC; ILLYSSA I. FOGEL; ILLYSSA I. FOGEL & ASSOCIATES; AND JOHN DOES 1 THROUGH 10<br><br>Defendants | CASE NO.: SC127870<br><br>COMPLAINT FOR LEGAL MALPRACTICE AGAINST ALL DEFENDANTS |



CASE MANAGEMENT CONFERENCE
11/27/17   DEPT. M
Date
8:30am
Judge Mitchell L. Beckloff

Plaintiffs complain of Defendants as follows:

## FIRST AND SOLE CAUSE OF ACTION — LEGAL MALPRACTICE

1. Alan Riche and Wendy Riche ("Plaintiffs") are natural persons and husband and wife. Plaintiffs reside in Los Angeles County, California.

2. Defendant Alan F. Broidy is an individual licensed to practice law in California doing business at 1925 Century Park East, Los Angeles, California 90067. Defendant Broidy is a certified specialist in Bankruptcy Law. Defendant Law Offices of Alan F. Broidy APC is a business organization of unknown form practicing law in the County and City of Los Angeles. Mr. Broidy and the Law Offices of Alan F. Broidy APC are collectively referred to hereinafter as "Broidy."

3. Defendant Ilyssa I. Fogel is an individual licensed to practice law in the state of California. Defendant Ilyssa I. Fogel and Associates is a business organization of unknown form practicing law in the County and City of Los Angeles. Ms. Fogel and Ilyssa I. Fogel and Associates are collectively referred to as "Fogel." Broidy and Fogel are affiliated in the practice of law and both maintain their offices at 1925 Century Park East, Los Angeles, California 90067. Broidy and Fogel are collectively referred to as "Defendants."

4. Plaintiffs are unaware of the true names and capacities of Defendants named as Does 1 through 10, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities of Defendants Does 1 through 10, inclusive, when the same have been ascertained. Plaintiffs are informed and believe and based thereon allege that each such fictitiously named Defendant is responsible in some manner for the acts and omissions alleged herein, and is thereby liable to Plaintiffs.

5. Plaintiffs retained Defendants in or about May 2016 to act advise them regarding their financial difficulties and the possibility of obtaining relief under the Bankruptcy Code. Based on Defendants' recommendation, Plaintiffs authorized the filing of a Chapter 7 Bankruptcy Petition and related documents on their behalf on May 31, 2016. Defendants commenced the representation in May 2016 and continued the representation until at least August 2016 when Plaintiffs hired new counsel and requested that Defendants file a substitution of counsel in Plaintiffs' bankruptcy case.

6. Despite their statutory obligation to obtain a written retention agreement and disclose whether they maintained malpractice insurance, Defendants

Case 2:17-ap-01526-ER   Doc 1   Filed 11/07/17   Entered 11/07/17 19:44:55   Desc
Main Document    Page 9 of 18

failed and refused to do so, although a statement regarding scope of representation was filed with the bankruptcy petition by Fogel.

7. Plaintiffs initially contacted Broidy and set up an appointment to discuss their affairs. At the meeting Broidy introduced Fogel as a lawyer affiliated with his office who would be working with him on Plaintiffs' case. Plaintiffs provided Fogel and Broidy with all the documentation regarding Plaintiffs' financial affairs they requested and after examining these materials Broidy and Fogel met with Plaintiffs to discuss their options. Broidy and Fogel advised that Plaintiffs debts consisted largely of unsecured credit cards and other unsecured consumer debts that could be discharged in bankruptcy. Broidy and Fogel advised that secured claims, including home mortgage and tax liens, would continue to stand against Plaintiff's property after a discharge. Broidy and Fogel advised that the Plaintiffs' principal asset was their home, but that after deducting the value of liens and mortgages from the likely value of the property, and in light of Plaintiffs' homestead exemption, a bankruptcy trustee would determine that there was no equity in the home and abandon the home to the Plaintiffs. In sum and substance, Defendants advised that in a bankruptcy case, Plaintiffs could obtain substantial relief from oppressive unsecured debt but would be able to retain their home as long as they continued to pay secured claims as due.

8. In rendering their advice, and based on their review of the documents Defendants requested, Defendants opined that the debts secured by Plaintiffs' home consisted of a commercial first and second deed of trust; a third priority debt secured by deed of trust in favor of Plaintiffs' relative Dennis Goodrow in the amount of $500,000 and various tax liens. In addition, Defendants advised that Plaintiffs were entitled to a $175,000 homestead exemption. Based on an assumed property value of

3
COMPLAINT

approximately $1.7 million, Defendants advised there was no equity in the home for a bankruptcy trustee to administer.

9. Based on Defendants' advice, Plaintiffs filed a chapter 7 bankruptcy petition. In July 2016, Plaintiffs learned to their horror that Defendants' advice was incorrect. First, the Bankruptcy Trustee advised them that after inspecting the same property records available to Defendants, the Bankruptcy Trustee had discovered that the third priority Goodrow lien had not been recorded in the Los Angeles County real property records and that the Goodrow claim was therefore unsecured. Second, the Bankruptcy Trustee had determined that there was substantial equity in Plaintiffs' home and that the Bankruptcy Trustee intended to sell the property.

10. When confronted with these facts, Defendants admitted their analysis had been mistaken and advised that there was no basis to oppose the sale of Plaintiffs' home. The Bankruptcy Trustee easily sold the property in the vigorous real estate market for $1.875 million. Based on Defendants' advice, Plaintiffs anticipated that they would at least receive a cash distribution from the sale proceeds in the amount of $175,000. However, the Bankruptcy Trustee advised that applicable case law from the Ninth Circuit Court of Appeal would permit the IRS to collect interest and penalties on their tax claim from the money otherwise allocated to the plaintiffs' homestead exemption — all contrary to Defendants' advice. Accordingly, the IRS received approximately $60,000 from the funds distributed to Plaintiffs on account of their homestead exemption.

11. Defendants owed Plaintiff a duty of due care in fulfilling their professional obligations.

12. Defendants negligently breached their duty of due care in at least the following regards:

4

COMPLAINT

a) Defendants failed to review relevant real property records, or to seek a title company report, to ascertain whether the Goodrow lien had been properly secured.

b) Defendants failed to advise Plaintiffs that the IRS could impair their homestead exemption.

c) Defendants incorrectly advised Plaintiffs as to the supposed benefits of a bankruptcy petition. Competent counsel would have advised that Plaintiffs were better off correcting the issues with the Goodrow lien and attempting to work out compromise payment agreements with their unsecured creditors, in preference to filing a bankruptcy petition.

13. As a proximate result of Defendant's negligence, Plaintiffs have suffered damages as follows: the loss of their home and the future appreciation thereof and the loss of approximately $60,0000 of their anticipated homestead exemption.

WHEREFORE Plaintiffs pray that Judgment be entered in their favor according to proof at trial but in no event less than $100,000 plus pre- and post-judgment interest and costs incurred herein and such other and further relief as the Court may find just.

DATED: June 21, 2017

_____
Thomas W. Dressler, Counsel to
Plaintiffs Alan and Wendy Riche

5
COMPLAINT

**Exhibit 3**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Thomas W. Dressler, SBN 140073<br>2955 Wallingford Rd.<br>San Marino, CA 91108<br>TELEPHONE NO.: 213.448.8745    FAX NO.:<br>ATTORNEY FOR (Name): Alan and Wendy Riche | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br>JUL 27 2017<br>Sherri R. Carter, Executive Officer/Clerk<br>By Donita Fowler, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: West District

CASE NAME: Riche v. Broidy, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SC127870 |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount           (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[✓] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/26/2017

Thomas W. Dressler
(TYPE OR PRINT NAME)                                          ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non- domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non- harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**Exhibit 4**

CASE NO. _____SC127870_____

<u>NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT</u>

TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:

IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED that this action shall be assigned to a Judge for all purposes, including trial, as follows:

Judge Mitchell L. Beckloff                              Department: __M__

Santa Monica Courthouse
1725 Main Street
Santa Monica, CA 90401

IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give separate notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110(b)) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

| | |
|---|---|
| In re:<br>ALAN RICHE and WENDY RICHE,<br>                                                                    Debtor(s). | CHAPTER  7<br>CASE NUMBER 2:16-bk-17275-ER |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
815 N. La Brea Ave., No. 78, Inglewood, CA  90302

A true and correct copy of the foregoing document entitled: **NOTICE OF REMOVAL OF ACTION PENDING IN STATE COURT TO BANKRUPTCY COURT (28 U.S.C § 1452; FRBP 9027)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**:  Pursuant to controlling General Orders and Local Bankruptcy Rules ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 7, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

☒    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL:**  On November 7, 2017, I served the following persons and/or entities at the last known address in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy (served by mail) – The Honorable Ernest M. Robles, United States Bankruptcy Judge, United States Bankruptcy Court, 255 E. Temple Street, Suite 1560, Los Angeles, CA  90012

Plaintiffs' Copy (attorney) (served by mail) – Thomas W. Dressler, The Dressler Law Group, 2955 Wallingford Road, San Marino, CA  91108

Co-Defendants' Copy (served by mail) – Alan F. Broidy and Law Offices of Alan F. Broidy, 1875 Century Park East, Suite 700, Los Angeles, CA  90067

☐    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on N/A I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 7, 2017 | Illyssa I. Fogel | /s/ Illyssa I. Fogel |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                                        **F 9013-3.1.PROOF.SERVICE**

**2:16-bk-17275-ER Notice will be electronically mailed to:**

Howard M Ehrenberg (TR) - ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

Illyssa I Fogel on behalf of Debtor Alan Riche - ifogel@iiflaw.com

Illyssa I Fogel on behalf of Joint Debtor Wendy Riche - ifogel@iiflaw.com

Jeffrey I Golden on behalf of Trustee Howard M Ehrenberg (TR) - jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com

Stella A Havkin on behalf of Debtor Alan Riche - stella@havkinandshrago.com, havkinlaw@earthlink.net

Stella A Havkin on behalf of Joint Debtor Wendy Riche - stella@havkinandshrago.com, havkinlaw@earthlink.net

William F McDonald, III on behalf of Creditor Citibank, N.A. - Caecf@tblaw.com, wfm@tblaw.com;snchampney@tblaw.com

United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov